**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENCIO ORTIZ LIMONES; CONCEPCION DIAZ DELGADO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 07-71952 <br><br> Agency Nos. A095-180-619 <br> A075-672-801 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2010[**]
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Florencio Ortiz Limones and Concepcion Diaz Delgado, husband and wife,

petition pro se for review of a decision of the Board of Immigration Appeals

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirming the immigration judge's denial of petitioners' application for cancellation of removal. We dismiss the petition in part and deny it in part.

We have jurisdiction under 8 U.S.C. § 1252(a) to review petitioners' claim that the immigration judge denied them due process by refusing to permit their daughter to testify regarding her health issues. The immigration judge did not violate due process, because he fully credited Ms. Delgado's testimony as well as the documentary medical evidence regarding her daughter's health. Petitioners have made no showing that their daughter's testimony would have been non-cumulative. *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1074-76 (9th Cir. 2005), *Morgan v. Mukasey*, 529 F.3d 1202, 1210-11 (9th Cir. 2008), and *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004), are therefore inapposite. Nor have petitioners shown prejudice. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002).

We lack jurisdiction over petitioners' claim that the immigration judge's hardship analysis was tainted by the judge's erroneous conclusion that Mr. Limones had committed a crime of moral turpitude, because petitioners failed to raise this issue before the Board of Immigration Appeals. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Petitioners fail to present a colorable claim that the immigration judge violated due process by failing to cite controlling law. *See Mendez-Castro v.*

2

*Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007).

We deny as moot petitioners' argument that Mr. Limones was not convicted for a qualifying crime of moral turpitude.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**